UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

DOUGLAS CORNELL JACKSON,

        Plaintiff,

v.

DONALD LORENDO et al.,

        Defendants.
_____/

Case No. 2:25-cv-184

Honorable Robert J. Jonker

**OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has filed a motion for leave to proceed *in forma pauperis*. (ECF No. 2.) However, Plaintiff is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Where a plaintiff is ineligible for *in forma pauperis* status under 28 U.S.C. § 1915, "he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002).

Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim, and Plaintiff has not demonstrated that he is in imminent danger of serious physical injury to allow him to proceed *in forma pauperis* in this action. Further, Plaintiff has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*.[1] Accordingly, for the reasons set forth below, this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

---

[1] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $55.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. However, the miscellaneous administrative fee "does not apply to applications for a writ of habeas corpus or to persons granted

**Discussion**

The Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners–many of which are meritless–and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule

---

*in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the Michigan federal courts. In at least three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases were frivolous, malicious, and/or failed to state a claim. *See Jackson v. Berean*, No. 1:18-cv-1075 (W.D. Mich. Mar. 19, 2019); *Jackson v. Bouchard*, No. 2:16-cv-246 (W.D. Mich. Dec. 21, 2016); *Jackson v. Evans*, No. 2:11-cv-13524 (E.D. Mich. Aug. 31, 2011). In addition, the Court has previously denied Plaintiff leave to proceed *in forma pauperis* under the three-strikes rule on several occasions. *See Jackson v. Simon*, No. 1:22-cv-44 (W.D. Mich. Jun. 27, 2022); *Jackson v. Novak*, No. 1:21-cv-1030 (W.D. Mich. Jan. 11, 2022); *Jackson v. Hoffman*, No. 2:21-cv-175 (W.D. Mich. Sept. 2, 2021); *Jackson v. Miller*, No. 2:21-cv-162 (W.D. Mich. Aug. 12, 2021); *Jackson v. Dove*, No. 2:21-cv-53 (W.D. Mich. Mar. 29, 2021); *Jackson v. Kemp*, No. 2:21-cv-33 (W.D. Mich. Mar. 3, 2021); *Jackson v. McKee*, No. 2:21-cv-23 (W.D. Mich. Mar. 1, 2021); *Jackson v. Pynnonen*, No. 2:21-cv-26 (W.D. Mich. Feb. 17, 2021); *Jackson v. Taskila*, No. 2:20-cv-38 (W.D. Mich. Apr. 8, 2020); *Jackson v. Berean*, No. 1:19-cv-380 (W.D. Mich. Sept. 27, 2019).

Moreover, Plaintiff's allegations do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions

3

> of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the following AMF personnel: Prison Guard Donald Lorendo, Unknown Mukka, Warden Terry Wilkins, Unknown Loonsfoot, Resident Unit Manager Marsha Nurkala, and M. Redinger.

Plaintiff's allegations fail to show that Plaintiff was in imminent danger of serious physical injury when he filed this complaint. His numerous allegations of misconduct and procedural violations over a four-month period fail to demonstrate an imminent threat of serious physical injury. Plaintiff's claims largely concern retaliatory suspensions of the waivers of Plaintiff's loss of privileges sanctions, alleged false misconduct proceedings, and verbal threats, which are vague, rooted in uncorroborated allegations of past injury, and do not establish a concrete threat of

4

imminent and serious physical harm. *See, e.g.*, *Barnett v. Oklahoma State Reformatory*, 2025 WL 2622351 (W.D. Okla. Apr. 28, 2025) (single threat of physical harm two weeks before filing, insufficient to establish imminent threat, even when tied to alleged earlier beatings); *White v. Sturm*, 744 F. Supp. 3d 711 (E.D. Mich. 2024) (verbal threats that someone should get rid of plaintiff, insufficient). *See also White v. Sturm*, 737 F. Supp 3d 576, 579 (E.D. Mich. 2024) (same). *Cf. Rittner*, 290 F. App'x 798 (6th Cir. 2008) (private investigator reports that guards were threatening to hurt him, putting prisoner in fear for his life, insufficient to satisfy "imminent danger.")

Accordingly, Plaintiff is barred from proceeding *in forma pauperis* under § 1915(g). Plaintiff also has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*. The Court will therefore dismiss this action without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)."). Plaintiff is free to refile his complaint as a new action in this Court if he submits the filing fees at the time that he initiates the new action.

## **Conclusion**

For the foregoing reasons, the Court will deny Plaintiff leave to proceed *in forma* pauperis. The Court will dismiss this action without prejudice to Plaintiff's right to refile his complaint as a new action in this Court with the full civil action filing fees.[2]

For the same reasons that the Court dismisses the action, the Court discerns no good-faith

---

[2] Because Plaintiff has the opportunity to refile his complaint as a new action in this Court by paying the full civil action filing fees at the time of filing the new action, the Court will not assess the district court filing fees in the present action.

5

basis for an appeal. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Further, should Plaintiff appeal this decision, he must pay the full appellate filing fee in a lump sum, because he is prohibited from proceeding *in forma pauperis* on appeal by 28 U.S.C. § 1915(g).

    An order and judgment consistent with this opinion will be entered.

Dated:  October 24, 2025            /s/ Robert Jonker
                                                       Robert J. Jonker
                                                       United States District Judge